UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| EDWARD LEE BORNE | ) | |
| | ) | |
| v. | ) | Nos. 1:04-cv-222 / 1:99-cr-116 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA | ) | |

## MEMORANDUM

Edward Lee Borne ("Borne") moves for post-conviction relief pursuant to 28 U.S.C. § 2255. [Doc. No. 1]. Pursuant to the Court's order [Doc. No. 3] the United States filed a response [Doc. No. 4]. After considering Borne's motion and the government's response, the Court concludes that Bullard's § 2255 motion will be **DENIED**. The record conclusively shows that he is not entitled to any relief under 28 U.S.C. § 2255. There is no need for an evidentiary hearing.

**I.      Standard of Review Under 28 U.S.C. § 2255**

A federal prisoner may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence upon the ground that the sentence was imposed in violation of the United States Constitution. To obtain relief under § 2255, the movant bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999). "To prevail under 28 U.S.C. § 2255, a defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir.1994) (internal quotation omitted).

-1-

**II.    Facts**

In December 1999 a grand jury returned an eleven-count indictment against Borne and two co-defendants. Borne was charged in nine counts of the indictment. Borne was charged with various controlled substance offenses, including conspiracy to manufacture methamphetamine, attempt to manufacture methamphetamine, possession of equipment and chemicals associated with manufacturing methamphetamine, and possession of methamphetamine. Borne was also charged with various firearms offenses, including possession of a destructive device in furtherance of drug trafficking activities, possession of a firearm in furtherance of drug trafficking activities, and possession of a firearm as a convicted felon.

Borne entered a plea agreement with the government. Borne pled guilty to conspiring to manufacture methamphetamine, possessing the equipment and chemicals associated with manufacturing methamphetamine, possessing a firearm in furtherance of drug trafficking activities, and possessing a firearm as a convicted felon. In exchange, the government dismissed the remaining five charges against Borne.

The probation office prepared a presentence report for Borne. The report attributed 15.53 kilograms of methamphetamine mixture to Borne, resulting in a base offense level of 38. Borne received a three-level reduction for acceptance of responsibility. Borne's criminal history category was III, resulting in a guidelines range of 210 to 262 months imprisonment. However, Borne's conviction of 18 U.S.C. § 924(c) required a mandatory minimum consecutive five years imprisonment. Accordingly, Borne's effective guidelines range was 270 to 322 months.

At the sentencing hearing on November 6, 2000, the government moved for a downward departure based on Borne's substantial assistance. The Court granted the government's motion and

sentenced Borne to 195 months imprisonment. Borne did not file a direct appeal. The government subsequently filed a motion to reduce Borne's sentence pursuant to FED. R. CRIM. P. 35(b). On May 10, 2002, the Court granted the motion and reduced Borne's sentence to 168 months imprisonment. Borne filed this § 2255 motion on July 27, 2004.

**III.    Analysis**

In his § 2255 motion, Borne alleges the following grounds to vacate, set aside, or correct his sentence: there was insufficient evidence to convict Borne of the conspiracy charge; there was insufficient evidence to convict Borne of violating 18 U.S.C. §§ 922(g)(1) and 924(c)(1); the Court should have reduced Borne's sentence under the safety valve provision of the UNITED STATES SENTENCING GUIDELINES; Borne's enhancement pursuant to U.S.S.G. § 2D1.1(b)(5)(A) for unlawfully discharging, emitting, or releasing into the environment a hazardous or toxic substance violates *Blakely v. Washington*, ---U.S.---, 124 S.Ct. 2531 (2004) and *United States v. Booker*, ---U.S.---, 125 S.Ct. 738 (2005); Borne's criminal history category of III violates *Blakely* and *Booker*; and the drug calculation violates *Blakely* and *Booker*.

Borne's motion is untimely. The ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 establishes time restraints on the filing of a § 2255 motion. The Act provides in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by

-3-

> the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. When a defendant does not file a direct appeal, the judgment of conviction becomes final ten days after the entry of judgment. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004).

In this case, the Court entered the judgement of conviction on November 8, 2000. [Case No. 1:99-cr-116, Doc. No. 75]. Borne did not file a direct appeal, so his judgment became final on November 18, 2000. Borne's one-year period of limitation to file a § 2255 motion expired on November 18, 2001. However, Borne did not file his § 2255 motion until July 27, 2004. Borne's motion is untimely and his claims will be **DENIED**.

That the Court reduced Borne's sentence to 168 months pursuant to the government's FED. R. CRIM. P. 35(b) motion on May 10, 2002, is of no consequence. When a federal prisoner is resentenced pursuant to a Rule 35 motion by the government, the prisoner's one-year limitation for filing a § 2255 motion does not begin anew. *Reichert v. United States*, No. 03-2121, 2004 WL 953983, at *1 (6th Cir. Apr. 27, 2004). And even if it did, Borne's motion filed on July 27, 2004, is still untimely as it was filed more than one year after the Court reduced his sentence.

To the extend that Borne relies on paragraph (3) above to argue that his claims are timely filed in light of the Supreme Court's decisions in *Blakely* and *Booker*, Borne is incorrect. To satisfy this provision, the newly recognized right must be retroactively applicable to cases on collateral review. Borne's *Blakely* and *Booker* claims are governed solely by *Booker*, which applied *Blakely*

-4-

to the Federal Sentencing Guidelines. The Sixth Circuit has explicitly held that *Booker* does not apply retroactively in collateral proceedings. *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005). This decision is in accord with every other circuit to consider the issue. *In re Olopade*, 403 F.3d 159, 162-64 (3d Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005). Because *Booker* does not apply retroactively to cases on collateral review, paragraph (3) does not save Borne's claims from being untimely.

Borne's motion is untimely and his claims will be **DENIED**. A separate order will enter.


*/s/ R. Allan Edgar*
R. ALLAN EDGAR
CHIEF UNITED STATES DISTRICT JUDGE